UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHEW V. VAUGHAN, et al., | Case No. 25-cv-00479-ASK |
| Plaintiffs, | |
| v. | **ORDER RE: MOTIONS TO DISMISS** |
| FEDERAL NATIONAL MORTGAGE ASSOCIATION, et al., | Re: Dkt. Nos. 87, 88, 89, 91 |
| Defendants. | |

Plaintiffs Matthew and Amy Vaughan sue Defendants for claims arising from a real estate transaction gone wrong. Dkt. 84.[1] Defendants move to dismiss the Second Amended Complaint ("SAC"). Dkts. 87, 88, 89, 91. Having considered the briefing, and with the benefit of oral argument on April 1, 2026, the Court **GRANTS IN PART** and **DENIES IN PART** Defendants' motions to dismiss for the reasons explained below. This Order assumes the reader's familiarity with the underlying facts.

## I.    BACKGROUND

Plaintiffs allege as follows. In early 2021, Plaintiffs Matthew V. Vaughan and Amy A. Vaughan bought a condominium unit ("Unit 5410") in the "Trask Lofts" project located at the corner of Trask Street and Kingsland Avenue in East Oakland. The Vaughans occupied Unit 5410 as their exclusive residence from March 2021 to March 2022, during which they "experienced severe habitability and safety problems, including chronic carbon monoxide exposure associated with an improperly installed and uninspected indoor tankless water heater, and significant water

---

[1] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the documents.

intrusion with associated damage and mold/mildew conditions inside and outside Unit 5410." Dkt. 84 ¶ 21. Around March 2022, the Vaughans discovered that Trask Lofts "was never approved for condominium subdivision" or "lawful residential occupancy" and "lacked life-safety systems required for lawful occupancy" such as "state-mandated fire sprinklers, [a] fire alarm/alert system, [and] fire extinguishers." *Id*. ¶¶ 11, 15, 22.

Defendant Compass California ("Compass") was the real estate broker for the doomed property—representing both the Vaughans and the seller of Unit 5410—and had listed Unit 5410 in December 2020 as "a new residential condominium." *Id*. ¶¶ 124, 134. Defendant Movement Mortgage ("Movement") provided the mortgage for the Vaughans's purdase of Unit 5410 (the "Purchase Loan"). *Id*. ¶ 27. Defendant Federal National Mortgage Association ("Fannie Mae") acquired the beneficial interest of the Purchase Loan from Movement. *Id*. ¶¶ 101-02. Defendant Old Republic National Title Insurance Company ("Old Republic") "provided escrow and title-related services in connection with [the Vaughans'] purchase and financing of Unit 5410[.]" *Id*. ¶ 174.

## II.    DISCUSSION

Under Federal Rule of Civil Procedure 12(b)(6), dismissal "is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The facts alleged must be "enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Conclusory assertions are insufficient to state a claim. *Iqbal*, 556 U.S. at 678. That said, we accept all factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party. *Capp v. Cnty. of San Diego*, 940 F.3d 1046, 1052 (9th Cir. 2019). Additionally, the Court liberally construes the Vaughans' SAC because pleadings by self-represented litigants "must be held to less stringent standards than formal pleadings drafted by lawyers[.]" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

2

### A. Mortgage Defendants

The Vaughans bring various claims against Movement and Fannie Mae ("Mortgage Defendants") related to the Purchase Loan and foreclosure of Unit 5410. Claim One and Claim Two, which both accuse Movement of fraud for financing the Vaughans' purchase of Unit 5410, are **DISMISSED with leave to amend**. Both of these claims purport to allege fraudulent affirmative statements and omissions.

To the extent that these claims rely on omissions—as all of Claim One and a portion of Claim Two do—they fail because Movement did not owe the Vaughans a duty of care. *See Boschma v. Home Loan Ctr., Inc.*, 198 Cal. App. 4th 230, 248 (2011) (explaining that, in "an action for fraud and deceit based on concealment[,]" "the defendant must have been under a duty to disclose the fact to the plaintiff"); *Ragland v. U.S. Bank Nat'l Assn.*, 209 Cal. App. 4th 182, 206 (2012) ("As a general rule, a financial institution owes no duty of care to a borrower when the institution's involvement in the loan transaction does not exceed the scope of its conventional role as a mere lender of money." (cleaned up)).

To the extent that these claims rely on affirmative false statements, the Vaughans have failed to adequately allege falsity. *See Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1055 (9th Cir. 2011) ("To satisfy Rule 9(b), a pleading must identify the who, what, when, where, and how of the misconduct charged, as well as what is false or misleading about the purportedly fraudulent statement, and why it is false." (cleaned up)). According to the Vaughans, Movement represented that "the Purchase Loan was a 'conventional' FNMA condominium loan tied to objective eligibility standards." Dkt. 84 ¶ 57. But that statement appears true, as that was the type of loan product that the Vaughans allegedly received. The Vaughans allege that Movement falsely stated that it "would obtain and review 'required condo docs' and complete condominium-review steps for 'final approval.'" *Id.* But there is no plausible allegation that Movement failed to perform its review or obtain final internal approval. The Vaughans are certainly displeased with the thoroughness of Movement's review, as the review failed to expose obvious defects. But that is insufficient to generate a plausible inference that Movement's statements—that it would (or did) review the documents and obtain approval—were false. Finally,

United States District Court
Northern District of California

the Vaughans allege that Movement "deliver[ed] the loan into a channel designed for acquisition by Fannie Mae while certifying or implying eligibility compliance consistent with the conventional product Movement marketed and approved." *Id*. While that allegation alludes to a potential false certification of compliance by Movement, the allegation fails to identify what that false statement was. Without a false statement, the Vaughans cannot state a fraud claim.

The Vaughans' fraud claims against Movement fail for the additional reason that the Vaughans have not alleged facts sufficient to support an inference that Movement intended to defraud the Vaughans. *See Robinson Helicopter Co. v. Dana Corp.*, 34 Cal. 4th 979, 990 (2004) (explaining that "intent to defraud, *i.e.*, to induce reliance" is a required element of fraud). Indeed, without more facts, it is implausible that a mortgage company would have intentionally—as opposed to negligently—induced a customer into buying a property that the company knew to be defective.

Claim Three and Claim Six accuse the Mortgage Defendants of wrongful foreclosure. *See* Dkt. 76 at 17 ("A wrongful foreclosure is an equitable action to set aside a foreclosure sale, or an action for damages resulting from the sale, on the basis that the foreclosure was improper." (citing *Sciarratta v. U.S. Bank Nat'l Assn.*, 247 Cal. App. 4th 552, 561 (2016))). The elements of a wrongful foreclosure claim are:

> (1) The trustee or mortgagee caused an illegal, fraudulent, or willfully oppressive sale of real property pursuant to a power of sale in a mortgage or deed of trust; (2) the party attacking the sale (usually but not always the trustor or mortgagor) was prejudiced or harmed; and (3) in cases where the trustor or mortgagor challenges the sale, the trustor or mortgagor tendered the amount of the secured indebtedness or was excused from tendering.

*Sciarratta*, 247 Cal. App. 4th at 561-62.

The Vaughans' wrongful foreclosure claims fail because they have not alleged facts sufficient to support the inference that the foreclosure was illegal, fraudulent, or willfully oppressive. Nor do the Vaughans plausibly allege that Fannie Mae knew about or recklessly disregarded defects in the property at a relevant point in time. In its prior order on the last iteration of motions to dismiss, the Court dismissed the wrongful foreclosure claims with leave to amend because the Vaughans had failed to "explain why an improper subdivision of Unit 5410

necessarily means that the Deed of Trust is absolutely void" or "why an improper subdivision excuses them from repaying their loan." Dkt. 76 at 18. Despite the opportunity to amend, the Vaughans have failed to cure this deficiency. Accordingly, Claim Three and Claim Six are **DISMISSED without leave to amend**. *See Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 1007 (9th Cir. 2009) ("[W]here the plaintiff has previously been granted leave to amend and has subsequently failed to add the requisite particularity to its claims, the district court's discretion to deny leave to amend is particularly broad." (cleaned up)).

In Claim Five, the Vaughans allege that Movement violated the Fair Credit Reporting Act by reporting their late mortgage payments and the foreclosure of Unit 5410 to credit reporting agencies. Claim Five is **DISMISSED with leave to amend** because the Vaughans have failed to plausibly allege an actual inaccuracy in this credit reporting. *Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1163 (9th Cir. 2009) (requiring a showing that an omission or reporting choice "is misleading in such a way and to such an extent that it can be expected to adversely affect credit decisions."); *see also Mensah v. Experian Info. Sols., Inc.*, No. 16-CV-05689-WHO, 2017 WL 1246892, at *5 (N.D. Cal. Apr. 5, 2017) ("To state a claim for violation of 15 U.S.C. § 1681i or § 1681s-2(b), a plaintiff must demonstrate 'that an actual inaccuracy exist[s].'" (quoting *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 890 (9th Cir. 2010)).

Claim Four and Claim Seven, which both arise under California Business and Professions Code § 17200, are dismissed because the Vaughans fail to plausibly plead a predicate violation of law. Claim Four is **DISMISSED with leave to amend** because the Vaughans have leave to amend Claims One, Two, and Five against Movement. Claim Seven is **DISMISSED without leave to amend** because the Vaughans cannot amend Claim Six against Fannie Mae.

### B. Compass California ("Compass")

The Vaughans sue Compass—their real estate agent—for constructive fraud (Claim Eight), intentional misrepresentation and concealment (Claim Nine), and violations of California's Unfair Competition Law (Claim Ten). Dkt. 84 ¶¶ 146-71. These claims survive Compass's motion to dismiss.

As to Claim Eight, "[t]he failure of the fiduciary to disclose a material fact to his principal

United States District Court
Northern District of California

5

United States District Court
Northern District of California

which might affect the fiduciary's motives or the principal's decision, which is known **(or should be known)** to the fiduciary, may constitute constructive fraud" even in the absence of fraudulent intent. *Salahutdin v. Valley of California, Inc.*, 24 Cal. App. 4th 555, 562 (1994) (emphasis added). Here, the Vaughans have stated a claim for constructive fraud against Compass by alleging that Compass failed to disclose material facts that "should [have been] known" to Compass. *Id*. For instance, the Second Amended Complaint alleges that Compass knew that the Vaughans intended to buy a residential condominium and "were apprehensive about buying unsafe or unpermitted housing." Dkt. 84 ¶ 134. It further alleges that Compass assured the Vaughans that "Unit 5410 could not have been sold to the public (including to the sellers) as a new residential condominium unless the property had been subdivided into residential condominium parcels within a duly authorized common interest development[.]" *Id*. But Compass was allegedly wrong; the parcel map demonstrated that the property had never been "approved for residential condominium subdivision" or "certified for lawful occupancy." *Id*. ¶ 22. The Vaughans have therefore plausibly alleged that their fiduciary, Compass, should have known, at the very least, that the property marketed "as a lawful residential condominium" was not actually a legally occupiable residential condominium. *Id*. ¶ 168.

The Vaughans have pled their constructive fraud claim with sufficient particularity under Rule 9(b) of the Federal Rules of Civil Procedure. Accordingly, Compass's motion to dismiss Claim Eight is **DENIED**. Likewise, Compass's motion to dismiss Claim Nine is **DENIED** because the Vaughans have stated their intentional fraud claim against Compass with sufficient particularity by plausibly alleging that Compass—who represented both the buyer and the seller and therefore plausibly had significant information about the property's defects that was not conveyed to the Vaughans—misrepresented or concealed material facts to induce the sale of Unit 5410. Finally, because the Vaughans have adequately alleged a predicate violation of law, Compass's motion to dismiss Claim Ten is also **DENIED**.

### C.    Old Republic National Title Insurance Company ("Old Republic")

In Claim Eleven, the Vaughans accuse Old Republic of constructive fraud. As the Court's previous order explained, "a title insurer who has not undertaken to perform as an abstractor owes

no duty to disclose recorded liens or other clouds on title." Dkt. 76 at 23 (quoting *Siegel v. Fid. Nat. Title Ins. Co.*, 46 Cal. App. 4th 1181, 1189-90 (1996)). This Court further observed that "Plaintiffs do not provide support for their argument that Old Republic had a fiduciary duty to affirmatively investigate and disclose the legal status of Unit 5410 to Plaintiffs before selling them a title insurance policy." *Id*. As the case law explains:

> A title insurance policy does not constitute a representation that the contingency insured against will not occur. Thus, when such contingency occurs, no action for negligence or negligent misrepresentation will lie against the insurer based upon the policy of title insurance alone. The insurer does *not* represent expressly or impliedly that the title is as set forth in the policy; it merely agrees that, and the insured only expects that, the insurer will pay for any losses resulting from, or the insurer will cause the removal of, a cloud on the insured's title within the policy provisions. A title policy is *not* a summary of the public records and the insurer is *not* supplying information; to the contrary the insurer is giving a contract of indemnity. Every insurer can and does contract to indemnify against specific risks.

*Hovannisian v. First Am. Title Ins. Co.*, 14 Cal. App. 5th 420, 429 (2017). Moreover, preliminary reports "are not abstracts of title" and "shall not be construed as, nor constitute, a representation as to the condition of title to real property[.]" Cal. Ins. Code § 12340.11. Accordingly, Claim Eleven is **DISMISSED without leave to amend**. *See Zucco Partners, LLC*, 552 F.3d at 1007 ("[W]here the plaintiff has previously been granted leave to amend and has subsequently failed to add the requisite particularity to its claims, the district court's discretion to deny leave to amend is particularly broad." (cleaned up)).

Likewise, Claim Twelve fails because (1) the Vaughans have not plausibly alleged that Old Republic had the requisite fiduciary duty, (2) California Insurance Code § 12340.11 commands that preliminary reports "shall not be construed as, nor constitute, a representation as to the condition of title to real property," and (3) the Vaughans have not plausibly alleged fraudulent intent on the part of Old Republic. Claim Twelve is thus **DISMISSED without leave to amend**. *See Zucco Partners, LLC*, 552 F.3d at 1007.

Finally, Claim Thirteen is **DISMISSED without leave to amend** because the Vaughans fail to plausibly plead a predicate violation of law.

United States District Court
Northern District of California

### III.    CONCLUSION

For the reasons stated, Compass's motion to dismiss Claims Eight and Ten is **DENIED**. Claims One, Two, Four, Five, and Nine are **DISMISSED with leave to amend**. Claims Three, Six, Seven, Eleven, Twelve, and Thirteen are **DISMISSED without leave to amend**. Accordingly, no claims remain against Defendants Fannie Mae and Old Republic. An amended complaint is due within **14 days** of this Order. As discussed at the hearing, to the extent that the Vaughans intend to allege a breach of fiduciary duty claim against Compass, they should do so expressly.

In amending the complaint, the Vaughans may wish to contact the Federal Pro Bono Project's Help Desk for assistance—a free service for pro se litigants—by calling (415) 782-8982 to make an appointment. While the Help Desk does not provide legal representation, a licensed attorney may assist the Vaughans in determining whether there are viable claims, and how to properly plead them. The Vaughans may also wish to consult a manual the court has adopted to assist unrepresented litigants in presenting their case. This manual, and other free information for unrepresented litigants, is available online at: https://cand.uscourts.gov/pro-se-litigants/.

**IT IS SO ORDERED.**

Dated: April 29, 2026

AJAY KRISHNAN
United States Magistrate Judge

United States District Court
Northern District of California